## EPHRAIM BEACH *v.* WILLIAM C. H. WADDELL.

A. conveyed to B. a lot of ground, fronting on Passaic river, used as a dock; the deed containing full covenants of seizin and warranty; and B. gave a mortgage on the lot for a part of the consideration money. To a bill for the foreclosure of the mortgage B. answered, that as to a part of the front and a strip running back to a point A. had no title; and afterwards filed a cross bill, praying a rescision of the contract. A. was in possession of the whole when he conveyed to B., and claimed that his title and his deed to B. covered the whole. The defect, if any, in A.'s title was, not that the title or possession of any part of the lot was shown to be in any other person, but that A.'s deed, by the length of chain on one line and an alleged wrong course on another line, did not cover the whole lot. B. had not been evicted; and the question as to A.'s title to the whole was, at most, a disputed question as to the true boundary line between this lot and an adjoining lot owned by C. *Held,* that it was not a case for the rescision of the contract between A. and B.

Bill filed April 6, 1841, to foreclose a mortgage, dated December 3, 1835, given by William C. H. Waddell, the defendant, to Ephraim Beach, the complainant, for $5,546.66, the consideration money for the lands therein mentioned, conveyed by said Beach to said Waddell, and to secure a bond also given therefor; said sum to be paid in two equal payments, half on the 1st of April, 1837, and half on the 1st of April, 1838, with interest semi-annually; the mortgage being also executed by Julia Anne, wife of said Waddell; with a covenant in the mortgage that after default in payment the complainant might quietly enter &c.

The bill states that the mortgage has been lost or mislaid, so that the complainant cannot make profert of the same. That a large part of said mortgage remains unpaid.

The answer of Waddell and wife, filed January 2, 1842, states, that the mortgage was given to secure a part of the purchase money of $8,320 for the same lands which were conveyed by the complainant to said Waddell by deed dated December 3, 1835, (setting out the deed). The deed contains a covenant, on the part of Beach, that he is the true, lawful and right owner of

the lands thereby conveyed; and that the lands are not incumbered; and that Beach has good right, full power and lawful authority to convey the same in manner aforesaid; with a full covenant of warranty.

The answer then states, that Beach, when he made said deed, nor before or since, was not the owner of all said land; nor had he good right, &c., to convey the same; and charges that Beach knew it. That he, said Waddell, has not received and is not entitled to any estate in or the possession of all said land; nor has he received any consideration for the balance or sum remaining due on said bond and mortgage; but that therein the consideration thereof hath wholly failed and been lost to him.

That this defendant hath been defrauded in manner aforesaid, to his great injury and damage; that said bond and mortgage were obtained from him by said Beach, and others in collusion with him, falsely and fraudulently representing to him, before the execution and delivery of said bond and mortgage, that said Beach was seized in fee of the whole and every part of the premises, and that the same were all in the possession of said Beach; whereas there was a considerable part of said premises not in the possession of said Beach, and which he had no right to convey. That said land and premises are only of value for a dock on the Passaic river; and that 104 feet are necessary for such purpose. That, at the time of the execution of said deed, a considerable part of said dock front, about 40 feet of the same, was in the possession of Condit & Co., lessees of Mrs. Carman, who have occupied, used and claimed, and still occupy, use and claim title to said 40 feet of dock. And that this defendant has been informed by the attorney of Mrs. Carman that her husband was, for several years before his death, (which was eight or ten years ago,) and she has been since, in possession of part of said dock described in said deed from Beach to the defendant; and that she will not, in case Condit & Co. give up possession of the premises leased to them, give up possession to any person. That said 40 feet is material and absolutely necessary to the convenient enjoyment of the rest of said land, and that said dock is completely valueless without it. That Beach, when he executed

said deed, knew that said 40 feet was in the possession of the lessees of Mrs. Carman, and that said possession was adverse to his possession and claim of title to said 40 feet; and that by fraud and imposition, knowing, &c., he induced this defendant to take said deed, and execute, for part of the purchase money, the said bond and indenture of mortgage. That Beach did not disclose the fact that the possession of said 40 feet was in the lessees of Mrs. Carman under a title adverse to said Beach; and that this defendant could not discover the same by the abstract of title. That at different times, before this defendant had in any manner become acquainted with the defect of title before mentioned, to wit, the adverse possession of about 40 feet of said dock, he paid to said Beach, on said bond and mortgage, the following sums, to wit, October 1, 1836, $166.40; April 28, 1837, $1000; January 13, 1838, $1000; April 1, 1838, $500. That as soon as he became acquainted with said defect of title he wholly refused to make any further payment.

On the 15th of January, 1842, Waddell filed his cross bill against Beach.

This bill states the facts stated in the foregoing answer; and states, further, that he has not used or occupied the said land and premises as a dock since he became aware of said defect of title in said 40 feet. That Beach lived within a few hundred yards of said dock when said deed was executed and delivered, and well knew that said lessees of Mrs. Carman had possession of said 40 feet of dock, and did not inform or intimate the said fact at the time of the delivery of said deed in any way or manner to this complainant.

That after this complainant refused to make any further payment, when both Beach and this complainant were citizens of N. Y., Beach commenced an action of debt on said bond in the Supreme Court of N. Y., on or about June 29, 1838. That under a provision of the Revised Statutes of N. Y. that a seal shall be only presumptive evidence of sufficient consideration, and may be rebutted in the same manner as if the instrument was not sealed, this complainant pleaded, in that action, in substance, the

matters hereinbefore stated; and that, on January, 7, 1839, the said action was discontinued by said Beach, he paying the costs.

That afterwards, when both Beach and this complainant were citizens of New York, Beach commenced an action of debt on said bond and mortgage in the Circuit Court for Essex county, in this State, against this complainant; to which action this complainant pleaded, &c. That Beach has demurred to the 2d, 3d and 4th pleas, and replied to the first; which demurrer and replication were filed on the 18th of March, 1841; and this complainant has joined in said demurrer.

This bill prays, that Beach may be decreed to cancel said bond and mortgage, and to repay to the complainant the purchase money and interest paid by the complainant to him for the said deed; and that, in the meantime, the said Beach may be restrained from proceeding in said action in said Circuit Court for Essex county, and from prosecuting any other action against the complainant on the said bond; the complainant offering to reconvey to said Beach; and for such other and further relief, &c.

To this cross bill Beach put in his answer, filed February 3d, 1843, stating, that in the summer or fall of 1835, he entered into an agreement with C. O. Bolles and Abel Thompson, for the sale of certain real estate in Newark, including the lands mentioned in the deed set forth in the bill. That, it being intended by said Bolles and Thompson to associate others with them in the purchase, and to put up the same in lots at public sale, it was agreed between him and said Bolles and Thompson, that he should continue to hold the title, and, at the request of them and their associates, make to the several purchasers of lots, at such public sale, deeds, &c.; and that he, this defendant, would receive from said Bolles and Thompson, in part payment &c., the bonds and mortgages of such purchasers of lots, or such of them as he should select, to be executed by such purchasers of lots to this defendant. That afterwards, in or about November of said year, such public sale of lots was made by said Bolles and Thompson and their associates; and that at such sale the com-

plainant bid for the tract mentioned in the deed set forth in the bill, and being the highest bidder, the same was struck off to him, for $8,320. That, pursuant &c., this defendant, together with his wife, at the request of said Bolles and Thompson and their associates, executed the deed in the bill mentioned, and handed it to said Bolles and Thompson and their associates, or some of them, to be delivered to the complainant, by and with the consent of this defendant, at their request. That the bond of the complainant, and the mortgage of the complainant and his wife, mentioned in the bill, were made by them for $5,546.66, part of the purchase money of said tract so struck off to the complainant, and were by the complainant delivered to said Bolles and Thompson and their associates, to be disposed of by them as they saw fit in their discretion. That said complainant paid to said Bolles and Thompson and their associates $2,763.34, on account of the purchase money for said tract so purchased by said complainant; and that no part of the same was paid or ever came to the hands of this defendant. That said bond and mortgage were delivered to this defendant by said Bolles and Thompson and their associates; this defendant having selected the same, according to said agreement &c., together with divers other bonds and mortgages of other persons, in payment of a part of the consideration money of the said sale by this defendant to said Bolles and Thompson; that said consideration money being $75,000. That said Bolles and Thompson and their associates sold the said lands bought by them from this defendant as aforesaid, for $125,000. That the price or consideration at which this defendant really sold and conveyed to the complainant as aforesaid would not exceed $5,000, or thereabouts, if the price at which this defendant sold the whole of said lands were divided and distributed among the several lots in which the same were sold by said Bolles and Thompson and their associates according to the relative and respective values of the several lots of the same.

That, before the making of said agreement by this defendant with said Bolles and Thompson, and before the said public sale of lots, a full and complete search and abstract of the title of this

defendant were made, at the request and under the direction and superintendence of said Bolles and Thompson, at the expense of this defendant, showing the claim of title of the same parcels of said lands of this defendant; and that said Bolles and Thompson and their associates were fully satisfied that this defendant was seized and well entitled to the fee and inheritance of the said lands, including the parcel so conveyed to the complainant as aforesaid, and that no incumbrance existed on said last mentioned tract.

That the complainant, when he bid off said tract, and when he made and delivered said bond and mortgage, well knew that this defendant had sold said lands to said Bolles and Thompson, for said sum of $75,000, and that such agreement had been made by and between them as aforesaid; and that this defendant would convey said tract to the complainant only upon the request of said Bolles and Thompson, in pursuance of such agreement as aforesaid; that this defendant would continue to hold the title upon such agreement as aforesaid; that this defendant would receive the said bond and mortgage of the complainant, if at all, only towards the payment of said sum of $75,000; that such search and abstract had been made as aforesaid, and the result thereof; and that this defendant would not receive any part of the money to be paid by the complainant on the said purchase by him, over and above the amount secured by said bond and mortgage; and all the other facts, matters and things hereinbefore set forth and alleged. And that the complainant was one of the associates of the said C. O. Bolles and Thompson in the purchase of said lands from this defendant; and, as such, entitled, by a contract made by and between the complainant and said Bolles and Thompson, to three of the seventy-five shares, of $1,000 each, into which the ownership of said lands was divided among said Bolles and Thompson and their associates.

The defendant denies that, otherwise than as above set forth, the complainant, on or about December 3d, 1835, or at any other time, agreed to purchase of this defendant the said land in said bill mentioned; and that this defendant, at that or any other time, represented himself to be seized or entitled in fee simple,

or to have full power to dispose of the fee simple of the whole or every part or any part of said tract of land, otherwise than by the covenants in said deed, and as appeared by the result of the search and abstract of title so made as aforesaid.

He denies that said bond and mortgage were delivered to him, otherwise than as before mentioned ; and he denies that the same were accepted or received by him, except, as before stated, from said Bolles and Thompson and their associates, in payment, to the extent of the money secured thereby, of the purchase money of said lands so sold by this defendant to said Bolles and Thompson.

That he believes and insists, that, before and at the execution of said deed and bond and mortgage, he was the lawful and right owner of all the land in said deed described, and seized in fee of every part thereof, and had full power and authority to convey the same, and that he then so fully believed.

He denies that the complainant has been defrauded to his great injury and damage as set forth in the bill, and that said bond and mortgage were obtained from complainant by this defendant and others in collusion with him, or otherwise, by fraud, covin or other misrepresentation ; and that this defendant, or others in collusion with him, falsely and fraudulently represented to the complainant, at any time, that this defendant was in possession of said tract or any part thereof; and he saith that no representation whatever was made by him, or any person in his behalf, to the complainant, or any other person, in reference to the possession, use, occupancy or enjoyment of the said tract in this defendant or otherwise.

He denies that a considerable or any part of said tract was at the time of the making said deed and bond and mortgage out of the possession of this defendant; and saith, that the whole of said tract was in the possession of this defendant; and that, as he verily believes and insists, he had good right to convey the same, and to deliver the possession thereof; and that, by virtue of said deed, he did deliver to the complainant full and indisputable possession of the whole of said tract.

He says that the principal, but not the only value of said

tract, consists in its use and adaptation for the purposes of a dock; but denies that 104 feet are necessary for such use.

He denies that at the time of the execution of said deed a considerable, or any part of said tract, was in the possession of Condit & Co., or any other person, as the lessees of Mrs. Carman, and that the said Mrs. Carman, or the said Condit & Co., or any other person as the lessee had occupied or used the same, or any part thereof, or that she or they at the time of the filing of the said bill occupied or used the same.

He says he does not know, nor has he been informed, save by the bill, and cannot state as to his belief or otherwise, whether or not the said Mrs. Carman, or the said Condit & Co. as her lessees, claim title to said tract, or any part thereof, nor whether or not the complainant was informed by the attorney of Mrs. Carman, &c., as set forth in the bill; but he says that the said Mrs. Carman was not, nor was her husband at any time, as far as this defendant knows, and as he verily believes, ever in the possession of the said tract or any part thereof.

He denies that said 40 feet is absolutely necessary to the convenient enjoyment of the rest of said tract, and that without it the said dock is rendered completely valueless; and says that, though he admits that said 40 feet is material and important to the value of said dock, the same is very valuable without said 40 feet.

He says that, as far as he knows, as he verily believes, neither said Mrs. Carman nor her husband ever had any title or interest whatever in said tract or any part thereof.

That he does not know, nor can he state as to his belief or otherwise, whether the complainant has ever used or occupied the said tract of land.

He admits the several payments stated in the bill. Admits the bringing the action in New York, stated in the bill; he and complainant being then residents in New York; and the plea in that action, and the discontinuance and payment of costs, as stated in the bill.

Admits the action in the Circuit Court of Essex stated in bill, when both he and complainant were citizens of New York, and

admits that such proceedings were had in that action as in the bill is set forth.

He says he believes, and insists, that the complainant has a good and sufficient title to the said tract and every part thereof; and saith that the complainant hath not been in any way disturbed in the possession, use and occupation of the same; and that, ever since the making of said deed, he has been, or might have been but for his own neglect or miscarriage, in the receipt of all the rents, issues and profits thereof, without the molestation, hindrance or denial of any person whatever.

He submits and insists, that the complainant is bound, in law and equity, to pay him what is due on said bond and mortgage; that the injunction should be dissolved, and he be allowed to proceed in his action on the bond and on his foreclosure bill; that if it shall be ascertained that any defect exists in the title to any part of said tract the said bond and mortgage should not be declared void, or be decreed to be given up to be cancelled; nor should he be decreed to pay back the moneys received by him thereon, or any part thereof; but that such deduction and abatement should be ordered by this Court upon the said bond as shall be equitable and just.

Testimony was taken on both sides for the purpose of showing whether or not Beach's title was co-extensive with the deed given by him.

*A. C. M. Pennington* for Beach.

*A. Gifford* and *P. D. Vroom* for Waddell. They cited 2 *Wheeler's C. L.* 487; 5 *Mass. Rep.* 357; 2 *Amer. C. L.* 485; *Jerem. Eq. Jur.* 458; 2 *Story's Eq. Jur.* sec. 778; 3 *Green's Ch. Rep.* 212; 1 *Sugd. on Vendors,* 263.

THE CHANCELLOR. The defect, if any, in Beach's title is, not that the title or possession of any part of the lot is shown to have been in any other person; but that Beach's deed, by the length of chain on one line and an alleged wrong course on

another line, does not cover the whole lot. Beach was in possession of the whole at the time of the conveyance to Waddell; and claims that his title and his deed to Waddell covers the whole. There has been no eviction of Waddell; and Beach's deed to Waddell contains full covenants of seizin and warranty. If there be any question as to Beach's title to the whole, *it is,* at most, only a disputed question as to the true boundary line between this lot and an adjoining lot owned by Carman. Under these circumstances it is not a case for the rescision of the contract between Beach and Waddell.

If this Court could entertain the question as to the boundary line, a decision between these parties, in favor of Beach, would not bind Carman. Carman is not, and it is not perceived how he could be made a party in this suit. This goes to show, that this Court cannot interpose in favor of Waddell, unless he shall be evicted by due course of law.

In this view of the case it is not necessary for me to consider, whether it would be a case for the rescision of the whole contract, if the title of Beach to the strip alleged by Waddell to be in Carman should prove defective.

Decree for the complainant in the original bill.